UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

NEAL WIESNER, as Parent and Natural Guardian, :
as well as, by Order of the Courts of the State of :
New York, Sole Physical and Legal Custodian of :
K.W., an infant, :

                                                Plaintiff, :

      -against- :

JOHNNY REED, JEFFERY MILES, KENNETH :
HALE, THOMAS SEELEY and JOHN RAMBO, :
the latter Individually and as Chancellor of the :
Chancery Court in Washington County, Tennessee, :

                                    Defendants. :

------------------------------------------------------------------ x

**OPINION AND ORDER
DISMISSING COMPLAINT**

25-cv-9166 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff Neal Wiesner, on behalf of his infant daughter K.W., filed a complaint on November 3, 2025 alleging that Defendants engaged in a scheme to deprive K.W. of her inheritance from her mother and proceeds from the settlement of her mother's wrongful death action. Defendants have each filed motions to dismiss for lack of personal jurisdiction. Each Defendant is a non-domiciliary of New York, and Plaintiff has made no showing establishing minimum contacts with this forum. Therefore, no personal jurisdiction has been established and the motions to dismiss are granted for each Defendant.

**BACKGROUND**

Plaintiff Neal Wiesner brings this action on behalf of his minor daughter, K.W., asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986 for alleged violations of K.W.'s rights to substantive and procedural due process and equal protection, arising from the distribution of her

mother's estate. Compl. ¶ 1. K.W. is the daughter of Plaintiff and Jacklyn Marie Reed. By order of the Family Court of the State of New York, New York County, dated April 11, 2019, Plaintiff was awarded sole physical and legal custody of K.W. Compl. ¶ 23; Compl. Ex. A. Both Plaintiff and K.W. are lifelong domiciliaries of New York. Ms. Reed was domiciled in Tennessee from approximately 2018 until her death.

In 2023, Ms. Reed was killed in North Carolina. She died intestate. Compl. ¶¶ 44–45. As Ms. Reed's sole surviving child, K.W. is the sole heir to her mother's estate and the beneficiary of any wrongful death claim. Compl. ¶¶ 3, 47–49. Ms. Reed's estate included a settlement from a wrongful death action, which was settled in March 2025.

Defendant Johnny Reed is the father of Ms. Reed, who served as the administrator of her estate. He resides in Johnson City, Tennessee. Compl. ¶¶ 27–28. Defendant Jeffrey Miles is a Tennessee attorney with an office in Jonesborough, Tennessee, who was appointed as K.W.'s guardian ad litem in the Tennessee probate proceedings for Ms. Reed's estate. Compl. ¶¶ 34–35. Defendant Kenneth Hale is a Tennessee attorney practicing in Bristol, Tennessee, who served as counsel for the Personal Representative of the estate. Compl. ¶¶ 36–37. Defendant Thomas Seeley is a Tennessee attorney with an office in Johnson City, Tennessee, who also served as counsel for the Personal Representative. Compl. ¶¶ 38–39. Defendant John Rambo is a Chancellor of the Chancery Court in Washington County, Tennessee, who presided over the probate proceedings in which Reed was appointed Administrator and Miles was appointed guardian ad litem. Compl. ¶¶ 40–41. All Defendants are citizens of Tennessee. Compl. ¶¶ 14, 27–41.

Plaintiff alleges that, following Ms. Reed's death, Defendant Reed, Ms. Reed's father, working in concert with Defendants Miles, Hale, and Seeley, arranged to have Reed appointed as Administrator of Ms. Reed's estate in the Probate Court for Washington County, Tennessee,

2

without providing notice to Plaintiff or K.W. in a scheme to deprive K.W. of her inheritance. Compl. ¶¶ 63–66, 75. Plaintiff alleges that, in connection with this appointment, Defendant Miles falsely swore in a "Consent to Appointment" that he was K.W.'s guardian ad litem, despite having no prior relationship with K.W. Compl. ¶¶ 74, 83–85. Defendant Rambo, a Chancellor of the Chancery Court in Washington County, Tennessee, granted Reed's petition and subsequently appointed Miles as K.W.'s guardian ad litem. *Id.*

Plaintiff further alleges that Defendant Reed, acting as Administrator, filed and settled a wrongful death action on behalf of Ms. Reed's estate in North Carolina without consulting Plaintiff or K.W., and that the amount and terms of the settlement remain largely unknown to them. Compl. ¶¶ 106–109. Plaintiff alleges that Defendants distributed approximately forty percent of K.W.'s recovery to themselves or their designees. Compl. ¶ 93; Pl. Opp. at 4–5.

## LEGAL STANDARD

"When responding to a Rule 12(b)(2) motion ..., the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). "Where, as here, a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *Id.* (internal quotation marks omitted). In assessing whether the plaintiff has made that showing, the court must "construe the pleadings and affidavits in the light most favorable to [the plaintiff], resolving all doubts in [its] favor." *Id.*

"[T]o exercise personal jurisdiction over a defendant, a district court must possess a statutory basis for doing so." *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013). When determining whether such authority exists, a court typically consults "the law of the state in which [it] is located – here, New York." *Id.* (internal quotation marks and citation

omitted). Where, as here, none of the Defendants are subject to general jurisdiction in the state, New York's long-arm statute applies.

Further, Plaintiff must establish that exercise of personal jurisdiction would conform to the requirements of due process. "Where the claim arises out of, or relates to, the defendant's contacts with the forum – *i.e.,* specific jurisdiction – minimum contacts exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 305 F.3d 120, 127 (2d Cir. 2002) (internal quotation marks omitted). Moreover, the lawsuit "must arise out of contacts that the defendant *himself* creates with the forum." *Walden v. Fiore,* 571 U.S. 277, 284 (2014). (internal quotation marks omitted). Such that the "analysis looks to the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with persons who reside there." *Id.* at 285, 134 S.Ct. 1115.

## DISCUSSION

Plaintiff concedes that the Court lacks general jurisdiction over any Defendant, as each are domiciliaries of Tennessee. Rather, Plaintiff argues there is specific jurisdiction under three provisions of New York's long-arm statute: CPLR § 302(a)(1) (transacting business within the state), § 302(a)(2) (committing a tortious act within the state), and § 302(a)(3) (committing a tortious act outside the state causing injury within the state). However, Plaintiff fails to allege any connection to New York to make out a prima facie case of jurisdiction under New York's long-arm statute. All of the alleged events in the Complaint took place outside of New York, as the intestate proceedings occurred in Tennessee and North Carolina. The sole connection to New York is that Plaintiff and K.W. reside here, which is insufficient to establish personal jurisdiction.

First, under the New York long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y.

4

C.P.L.R. § 302(a)(1). "[T]wo requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Sole Resort, S.A. de C. V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006). Plaintiff contends that Miles' conduct assumption of a guardian ad litem role for K.W. constituted a transaction of business in New York because K.W. resides in New York. This argument has no merit. That K.W. resides in New York does not transform these Tennessee proceedings into New York transactions. *See Walden*, 571 U.S. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum."). Plaintiff does not contend that the other Defendants conducted business in New York.

Second, Section 302(a)(2) provides jurisdiction where the defendant committed a tortious act within the state of New York and requires that the defendant (or his agent) was physically in New York when committing the act. *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997). Such is not the case here, as Plaintiff cannot allege that any of the alleged tortious acts took place in New York.

Third, Section 302(a)(3) permits jurisdiction where a defendant commits a tortious act outside the state causing injury to person or property within the state, provided the defendant either (i) "regularly does or solicits business, or engages in any other persistent course of conduct" in the state, or (ii) "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." CLPR § 302(a)(3). Plaintiff has not established that Defendants engaged in the required regular conduct of business or persistent course of conduct in New York as required under the section. While the alleged activity may have affected a New York resident, there is no further connection to New York that would permit jurisdiction under the statute.

Finally, even if the long-arm statute requirements were satisfied, personal jurisdiction in this case would run afoul of the Due Process Clause. None of the Defendants has

5

purposefully availed himself of the privilege of conducting activities in New York. The events occurred entirely in Tennessee and North Carolina, each Defendant works and resides in Tennessee, and Plaintiff has not asserted any connection between Defendants and New York. Requiring these Defendants to litigate in New York would not comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Therefore, Plaintiff has not established personal jurisdiction in this forum, and the case shall be dismissed.

## CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss is granted for lack of personal jurisdiction. The Clerk of Court shall terminate ECF Nos. 50, 52, 59, 60, 61, 62, 63, 64, 67, and 88 and close the case.

SO ORDERED.

Dated:     April ___, 2026
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

6